Michael D. Warner
(TX Bar No. 00792304)
COLE SCHOTZ P.C.
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
817-810-5250 Telephone
817-810-5255 Facsimile
mwarner@coleschotz.com

Gary H. Leibowitz
(Admitted *pro hac vice*)
COLE SCHOTZ P.C.
300 E. Lombard Street, Ste. 1450
Baltimore, MD 21202
410-230-0660 Telephone
410-230-0667 Facsimile
gleibowitz@coleschotz.com

Jill B. Bienstock
(Admitted *pro hac vice*)
COLE SCHOTZ P.C.
Court Plaza North, 25 Main St.
Hackensack, NJ 07061
201-525-6328 Telephone
201-678-6328 Facsimile
jbienstock@coleschotz.com

*Attorneys for the Official Committee*
*of Unsecured Creditors*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| THINK FINANCE, LLC, *et al.*,[1] | Case No. 17-33964-hdh11 |
| Debtors. | (Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THINK FINANCE, LLC, *et al.*, | Adversary Case No._____. |
| Plaintiff, | |
| v. | |
| GOOGLE, INC., | |
| Defendant. | |

## ADVERSARY COMPLAINT TO (I) AVOID AND RECOVER PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, 550 and 551; AND (II) DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

The Official Committee of Unsecured Creditors (the "**Committee**" or "**Plaintiff**") in the

jointly administered Chapter 11 cases of Think Finance, LLC, *et al.* (collectively, the

---

[1] The Debtors are: Think Finance, LLC (3098), Think Finance SPV, LLC (4522), Financial U, LLC (1850), TC Loan Service, LLC (3103), Tailwind Marketing, LLC (1602), TC Administrative Services, LLC (4558), and TC Decision Sciences, LLC (8949).

"**Debtors**"), by and through its undersigned counsel, pursuant to that certain *Stipulated Order Granting the Official Committee of Unsecured Creditors Leave, Standing and Authority to Commence and Prosecute Certain Actions on Behalf of the Estates* [Main Case, Docket No. 1480] (the "**Derivative Standing Order**"), hereby files this Complaint against Google, Inc. ("**Defendant**"), and respectfully represents as follows:

## NATURE OF THIS ACTION

1.      This adversary proceeding is brought pursuant to Sections 502, 547, 548, 550 and 551 of Title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "**Bankruptcy Code**") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2.      Through this Complaint, Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers at issue were made, all preferential transfers of the Debtors' property, made to or for the benefit of Defendant, during the 90-day period prior to the filing of the Debtors' voluntary chapter 11 bankruptcy petitions (the "**Preference Period**").

3.      Additionally, upon information and belief, during the two (2) year-period prior to the filing of the Debtors' cases, the New Non-Debtor Companies (defined herein), or other non-debtor affiliates of the Debtors, used the Debtors' employees, office space and equipment, and caused one or more of the Debtors, during the two (2) year-period, to pay for the non-debtors' obligations.  Notwithstanding the Debtors' payment, upon information and belief, the Debtors ultimately did not receive any benefit for the amounts that the Debtors paid to Defendant on behalf of the non-debtors.  Accordingly, the transfers should be avoided and recovered as fraudulent transfers.

2

4.      Plaintiff further seeks to disallow any claims that Defendant may have against the Debtors' estates, including as a result of a filed proof of claim or a scheduled claim, pursuant to Section 502(d) of the Bankruptcy Code, unless and until Defendant repays to the estates the full value of all of the transfers at issue.

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this adversary proceeding in accordance with 28 U.S.C. § 1334(b).  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      Plaintiff has standing to pursue this Complaint under the Derivative Standing Order.

## PARTIES

8.      On November 2, 2017, the Office of the United States Trustee appointed the Plaintiff in these Chapter 11 cases pursuant to § 1102 of the Bankruptcy Code.  On August 6, 2019, the Court entered the Derivative Standing Order granting Plaintiff standing to bring this Complaint.

9.      Debtor Think Finance, LLC is a Delaware corporation with a principal place of business at 5080 Spectrum Drive, Suite 700 West Addison, TX 75001.

10.      Debtor TC Loan Service, LLC ("**Debtor TC Loan**") is a limited liability with a principal place of business at 5080 Spectrum Drive, Suite 700 West Addison, TX 75001-3232.

57275/0001-17990120v2

11.    Debtor Think Finance SPV, LLC is a limited liability company formed under the laws of Delaware with a principal place of business at 5080 Spectrum Drive, Suite 700 West Addison, TX 75001-3232.

12.    Debtor Financial U, LLC is a limited liability company with a principal place of business at 5080 Spectrum Drive, Suite 700 West Addison, TX 75001-3232.

13.    Debtor Tailwind Marketing, LLC is a limited liability company with a principal place of business at 5080 Spectrum Drive, Suite 700 West Addison, TX 75001-3232.

14.    Debtor TC Administrative Services, LLC is a Delaware corporation with a principal place of business at 5080 Spectrum Drive, Suite 700 West Addison, TX 75001-3232.

15.    Debtor TC Decision Sciences, LLC is a Delaware corporation with a principal place of business at 5080 Spectrum Drive, Suite 700 West Addison, TX 75001-3232.

16.    Upon information and belief, Defendant is a corporation formed under the laws of the State of Delaware and maintains a place of business located at 1600 Amphitheatre Parkway, Mountain View, CA 94043-1351.

## RESERVATION AND RIGHT OF AMENDMENT

17.    During the course of this adversary proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers of an interest of the Debtors in property that may be recoverable under various fraudulent transfer laws or otherwise. It is Plaintiff's intention to avoid and recover all such transfers, made by the Debtors or utilizing the property in which the Debtors had an interest, from any mediate or intermediate transferee during the two (2) years preceding the Debtors' bankruptcy. Plaintiff hereby reserves all rights to amend this Complaint to include: (i) further information regarding the transfers identified herein; (ii) additional transfers; (iii) modifications of and/or revisions to Defendant's name; and (iv) additional

4

defendants; and/or additional causes of action (collectively, "**Amendments**") that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for such Amendments to relate back to this original Complaint.

## BACKGROUND FACTS

18.     On October 23, 2017 (the "**Petition Date**"), each of the above-referenced Debtors filed a voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code initiating their Chapter 11 cases in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

19.     On September 30, 2019, the Court entered an Order [Main Case, Docket No. 1524] approving for solicitation the Second Amended Disclosure Statement and the Second Modified First Amended Plan of Reorganization for the Debtors [Main Case, Docket No. 1523] (the "**Plan**").

## TRANSFERS AT ISSUE

20.     Plaintiff is informed and believes and thereon asserts that, in the course of business operations prior to the Petition Date, Defendant provided certain goods and/or services to one or more of the Debtors, their non-debtor affiliates or the New Non-Debtor Companies.  As a result of such business operations, Defendant was a creditor of one or more of the Debtors, their non-debtor affiliates or the New Non-Debtor Companies, as the case may be.

21.     Plaintiff is informed and believes and thereon asserts that, within the 90-day period prior to the Petition Date, and utilizing Debtor TC Loan's property, certain payments, totaling $134,622.04 (the "**Transfers**"), as detailed on "**Exhibit A**" attached hereto, which is

5

incorporated herein by this reference as if set forth at length, were made to or for the benefit of Defendant.

22.     As a result of the spin-off of the Debtors' business to Elevate Credit Inc., which happened on May 1, 2014, and the filing of five (5) separate class action lawsuits and two (2) lawsuits commenced by Federal and State regulatory agencies, which together assert over $2.0 Billion in claims, the Debtors were insolvent at the time of the Transfers.

23.     Additionally, upon information and belief, in the approximate seven (7) month period prior to the Petition Date, nearly twenty-five (25) new entities were created (collectively, "**New Non-Debtor Companies**") by the Debtors' ultimate parent company, non-debtor TF Holdings, Inc. ("**Holdings**").  The New Non-Debtor Companies are set forth in "**Exhibit B**" attached hereto.

24.     Upon information and belief, during the two (2) year period preceding the Petition Date, the Debtors, including Debtor TC Loan, were compelled to remit payments to or for the benefit of creditors of the non-debtor affiliates and/or the New Non-Debtor Companies, including to creditors like Defendant, for goods and/or services which the non-debtor affiliates and/or the New Non-Debtor Companies received.  However, upon further information and belief, none of the Debtors, including Debtor TC Loan, received any benefit on account of the payments that the Debtors made to satisfy the liabilities owed by the non-debtor affiliates and/or the New Non-Debtor Companies.

25.     Upon information and belief, one or more of the Transfers were made to satisfy an obligation of the non-debtor affiliates and/or the New Debtor Companies for which none of the Debtors received a benefit.

6

## FIRST CLAIM FOR RELIEF
### (Avoidable Transfers – 11 U.S.C. § 547)

26.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as if set forth fully herein.

27.     Section 547(b) of the Bankruptcy Code renders avoidable any transfer of the Debtors' interests in property: (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by one or more of the Debtors before such Transfer was made; (3) made while the Debtors were insolvent; (4) made on or within 90 days before the Petition Date; and (5) that enables such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of the Bankruptcy Code; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

28.     Each of the Transfers were made within the 90-day period prior to the Petition Date, to or for the benefit of Defendant, as a creditor of one or more of the Debtors, in exchange for goods and/or services furnished by Defendant to one or more of the Debtors and as typically referenced in an invoice and/or purchase order exchanged between the parties or pursuant to a contract, as set forth on Exhibit A.

29.     Each of the Transfers was made on account of an antecedent debt or debts owed by one or more of the Debtors to Defendant before each such Transfer was made, as memorialized in invoices and/or purchase orders exchanged between the parties, or pursuant to a contract, and as more fully set forth on Exhibit A, and each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor.

57275/0001-17990120v2

30.     Each of the Transfers was made while the Debtors were insolvent, as the Debtors' debts and obligations well exceeded the value of their assets.

31.     Unsecured non-priority creditors will not receive payment in full on their claims in this case.  Thus, each of the Transfers to Defendant enabled Defendant to receive more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) if the Transfers had not been made; and (iii) Defendant received payment on the debt to the extent provided by the Bankruptcy Code.

32.     As of the date hereof, Defendant has not returned the Transfers.

33.     Based upon the foregoing, Plaintiff is entitled to avoid the Transfers pursuant to Section 547 of the Bankruptcy Code.

**SECOND CLAIM FOR RELIEF**
**(Avoidable Transfers – 11 U.S.C. § 548)**

34.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint, as if set forth fully herein.

35.     To the extent any of the Transfers are not deemed to have been on account of antecedent debt owed by the Debtors, Plaintiff alleges that the Debtors did not receive reasonably equivalent value in exchange for the Transfers.  Section 548(a)(1)(B) of the Bankruptcy Code renders avoidable any transfer of an interest of the Debtors in property, or any obligation incurred by the Debtors, that was made or incurred on or within two (2) years before the Petition Date, if the Debtors (i) voluntarily or involuntarily received less than a reasonably equivalent value in exchange for such transfer or obligation and (ii) were insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.  11 U.S.C. § 548(a)(1)(B)(i) and (ii)(I).

57275/0001-17990120v2

36.     Upon information and belief, the Transfers identified in Exhibit A and any additional transfers in the two (2) year period prior to the Petition Date,[2] are avoidable because: (i) the Debtors did not receive reasonably equivalent value in connection with the Transfers; and (ii)(a) the Debtors were engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction; or (ii)(b) the Debtors intended to incur, or believed or reasonably should have believed that the Debtors would incur, debts beyond the Debtors' ability to pay as they became due. Among the bases to support that the Debtors did not receive reasonably equivalent value, is that, upon information and belief, in making the Transfers, the Debtors satisfied an obligation, as set forth on Exhibit A, owed by one or more of the non-debtor affiliates and/or the New Non-Debtor Companies or the Debtors failed to receive the necessary payment from one or more of the non-debtor affiliates or the New Non-Debtor Companies with respect thereto.

37.     As a result of the spin-off of the Debtors' business to Elevate Credit Inc., on May 1, 2014, and the pending five (5) separate class action lawsuits and two (2) lawsuits commenced by Federal and State regulatory agencies, which assert over $2.0 Billion in claims, the Debtors were insolvent at the time of the Transfers.

38.     The Transfers identified in Exhibit A may be avoided under Section 548(a)(1)(B) of the Bankruptcy Code.

39.     As of the date hereof, Defendant has not returned the Transfers to the Debtors or Plaintiff.

40.     Plaintiff is entitled to avoid the Transfers pursuant to Section 548(a) of the Bankruptcy Code.

---

[2] Plaintiff expects to supplement Exhibit A post-confirmation to include the remaining transfers which occurred in the two (2) year period prior to the Petition Date.

57275/0001-17990120v2

## THIRD CLAIM FOR RELIEF
### (Recovery of Property – 11 U.S.C. §§ 547, 548, 550, 551)

41. Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint, as if set forth fully herein.

42. Section 550 of the Bankruptcy Code provides that Plaintiff, on behalf of the Debtors and their estates, may recover the property transferred, or if the Court so Orders, the value of such property from (1) the initial transferee of each of the Transfers, or the entity for whose benefit such transfer was made; or (2) the immediate or mediate transferee of such initial transferee or beneficiary.

43. Pursuant to Section 551 of the Bankruptcy Code, any transfer that is avoided under Section 547 and Section 548 is preserved for the benefit of the Debtors' estates.

44. Upon information and belief, Defendant had dominion and control over each of the Transfers and had a legal right to use the proceeds of such Transfers for its own purposes.

45. Defendant is either (1) the initial transferee of the Transfers, the entity for whose benefit the Transfers were made; or (2) an immediate or mediate transferee of the initial transferee.

46. As Defendant is the initial, immediate or mediate transferee of each of the Transfers, or the beneficiary thereof: (1) Plaintiff is entitled to avoid each of the Transfers under Section 547 and Section 548 of the Bankruptcy Code; (2) Plaintiff is entitled to recover the proceeds or value of the Transfers under 11 U.S.C. § 550 from Defendant; and (3) the proceeds or value of the Transfers are automatically preserved under 11 U.S.C. § 551 for the benefit of the estates.

57275/0001-17990120v2

## FOURTH CLAIM FOR RELIEF
### (Disallowance of Claims – 11 U.S.C. § 502(d))

47.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint, as if set forth fully herein.

48.     Section 502(d) of the Bankruptcy Code provides, in part, that the Court shall disallow any claim of any entity that is a transferee of an avoidable transfer under Section of the Bankruptcy Code, unless such entity or transferee has paid the amount, or turned over such property, for which such entity or transferee is liable for under Section 550 of the Bankruptcy Code.

49.     Any claims of Defendant, whether filed in the Debtors' cases or scheduled, should be disallowed under Section 502(d) of the Bankruptcy Code unless and until Defendant pays to the Plaintiff the value of the Transfers.

**WHEREFORE**, Plaintiff prays for judgment as follows:

(i)     Avoiding each of the Transfers as a preferential transfer pursuant to Section 547 of the Bankruptcy Code;

(ii)     Avoiding each of the Transfers as a fraudulent transfer pursuant to Section 548 of the Bankruptcy Code;

(iii)     For judgment in favor of Plaintiff and against Defendant determining that Plaintiff is entitled to recover each of the Transfers, or value thereof, pursuant to Section 550 and 551 of the Bankruptcy Code;

(iv)     Preserving the Transfers or amount thereof for the benefit of the estates;

(v)     Awarding prejudgment interest to Plaintiff from the date of notice of the claim therefor;

11

(vi)     Awarding to Plaintiff its attorneys' fees and costs incurred in prosecution of its claims;

(vii)     Disallowing any claims of Defendant against the Debtors and their estates pursuant to Section 502(d) of the Bankruptcy Code to the extent Defendant has not paid the full amount of the value of, or turned over the property that is the subject of, the Transfers; and

(viii)     For such other and further relief as the Court may deem just and proper.

Dated:  October 21, 2019                    Respectfully submitted,

By:     /s/ Michael D. Warner
        Michael D. Warner (TX Bar No. 00792304)
        Cole Schotz P.C.
        301 Commerce Street, Suite 1700
        Fort Worth, TX 76102
        (817) 810-5250 Telephone
        (817) 810-5255 Facsimile
        mwarner@coleschotz.com

        -and-

        Gary H. Leibowitz, Esq.
        (Admitted pro hac vice)
        Cole Schotz P.C.
        300 East Lombard Street, Suite 1450
        Baltimore, MD 21202
        (410) 230-0660 Telephone
        (410) 230-0667 Facsimile
        gleibowitz@coleschotz.com

        -and-

        Jill B. Bienstock
        (Admitted pro hac vice)
        COLE SCHOTZ P.C.
        Court Plaza North
        25 Main Street
        Hackensack, NJ 07061
        201-525-6328 Telephone
        201-678-6328 Facsimile
        jbienstock@coleschotz.com

        Counsel for the Official Committee of Unsecured
        Creditors

EXHIBIT A

| Transferee | Debtor Transferor | Invoice Date | Invoice Number | Invoice Amount | Date of Transfer | Amount of Transfer |
|---|---|---|---|---|---|---|
| Google, Inc | TC Loan Service, LLC | 06/30/17 | 3365091541 | $66,747.82 | 08/02/17 | $66,747.82 |
| Google, Inc | TC Loan Service, LLC | 07/31/17 | 3365479562 | $67,874.22 | 09/21/17 | $67,874.22 |
| | | | **Total** | **$134,622.04** | **Total** | **$134,622.04** |

# EXHIBIT B

| Name | Date of Formation |
|---|---|
| TF Holdings, Inc. | 2/17/2017 |
| TF Investment Services, LLC | 4/20/2017 |
| Cortex Holdings, LLC | 2/17/2017 |
| Cortex Management, LLC | 2/17/2017 |
| Cortex Services, LLC | 2/22/2017 |
| Cortex Sovereign, LLC | 2/17/2017 |
| Jora Credit Holdings, LLC | 3/23/2017 |
| Jora, Inc. | 1/22/2014 (originally formed as Ascend Consumer Finance, Inc., its name was changed to Jora, Inc., on November 16, 2017) |
| Jora Management, LLC | 4/21/2017 |
| Jora Credit of Alabama, LLC | 3/23/2017 |
| Jora Credit of California, LLC | 3/23/2017 |
| Jora Credit of Delaware, LLC | 3/23/2017 |
| Jora Credit of Georgia, LLC | 5/17/207 |
| Jora Credit of Idaho, LLC | 3/23/2017 |
| Jora Credit of Illinois, LLC | 5/17/207 |
| Jora Credit of Kansas, LLC | 5/17/207 |
| Jora Credit of Missouri, LLC | 3/23/2017 |
| Jora Credit of New Mexico, LLC | 3/23/2017 |
| Jora Credit of North Dakota, LLC | 3/23/2017 |
| Jora Credit of Ohio, LLC | 4/28/2017 |
| Jora Credit of South Carolina, LLC | 3/23/2017 |
| Jora Credit of Tennessee, LLC | 5/17/207 |
| Jora Credit of Texas, LLC | 4/28/2017 |
| Jora Credit of Utah, LLC | 3/23/2017 |
| Jora Credit of Virginia, LLC | 5/17/207 |
| Jora Credit of Wisconsin, LLC | 3/23/2017 |
| Jora Credit Funding 2017-1, LLC | 8/15/2017 |